### In re SCARSDALE CO.

(Supreme Court, Appellate Division, Second Department. November 28, 1913.)

MOTIONS (§ 3*)—PROCEEDING BY MOTION—PURPOSE.

    Since the county treasurer is not an officer of the Supreme Court, he cannot be required to pay over money deposited with him by mistake for the purpose of discharging a mechanic's lien, by a proceeding by motion in the Special Term; an action against him being necessary.

    [Ed. Note.—For other cases, see Motions, Cent. Dig. § 2; Dec. Dig. § 3.*]

Appeal from Special Term, Westchester County.

In the matter of the application of the Scarsdale Company for an order directing the payment by the County Treasurer of Westchester County of money deposited to discharge a mechanic's lien. From an order denying the application, applicant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, STAPLETON, and PUTNAM, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

W. P. Chapman, Jr., of New York City, for appellant.
William A. Walsh, of Yonkers, for respondent Yerks & Co.

JENKS, P. J. The appellant contends that it paid the money in controversy to the county treasurer by mistake, on the supposition that it was required to discharge a mechanic's lien. The contention of one of the respondents is that in any event such payment in effect was an equitable assignment of certain moneys due to them perforce of an order upon the appellant by debtors of the said respondent.

I think that the appellant cannot resort to proceedings by motion, but is relegated to his action. Lewis v. Cockrell, 31 Ill. App. 476. The county treasurer is not an officer of this court. Indeed, it appears from this record that the said respondents. have begun an action to determine the rights of the respective parties to this money.

I advise that the order of the Special Term be affirmed, with $10 costs and disbursements. All concur.